### ARTEMAS BULLARD *et ux.* *versus* JOSEPH GOFFE

By a deed executed before the Revised Statutes, *c.* 59, § 9, went into operation, land was conveyed to the defendant to hold to the use of a husband and wife for their lives and the life of the survivor, and after their decease, to the use of H. for life, and after the decease of H. to the use of the heirs of the wife for ever. It was *held*, that a fee simple in the land vested in the wife, in the case of her surviving her husband and H.

A testatrix, after various bequests of articles of furniture and other personal property, proceeded as follows : " I do hereby give and bequeath to B all the residue of my furniture and estate, whatever and wherever it may be." It was *held*, that real estate of the testatrix did not pass by such residuary devise as against her heirs, it appearing, that the description of the property of the testatrix in the will was wholly confined to personal chattels, that there were no words indicating an intention on her part to devise all her property, and that there remained articles of furniture and other personal property not specifically disposed of in the will.

WRIT of entry, brought to recover one undivided third part of certain land on the north side of Sheafe street, in Boston.  The demandants claimed under the will of Mary Waters.

The parties stated a case.

On April 19, 1804, Ebenezer Waters and Mary, his wife, in her right, conveyed two parcels of real estate on the north side of Sheafe street, comprising a part of the demanded premises, to the tenant, to hold " to the use of the said Ebenezer Waters and Mary Waters, for and during the term of their natural lives and the natural life of the survivor of them, and from and after their decease, to and for the use of Mary Harriot for and during her natural life, and from and after her decease, to the sole use of the heirs of the said Mary Waters for ever."

On April 3, 1805, Ebenezer Waters purchased of Samuel Sumner two other parcels of land on the north side of the street, comprising the residue of the demanded premises.  On February 7, 1807, Ebenezer and Mary Waters conveyed these two parcels of real estate to the defendant, to hold " to the use of the said Ebenezer and Mary, during their joint lives and the life of the survivor of them," "and from and after their decease, to and for the use of the heirs and assigns of the said Mary Waters for ever."

Ebenezer Waters died in 1808.

On January 19, 1833, Mary Waters made her will, in

which, after various bequests of articles of furniture, money and books, specified with great minuteness and distributed among several legatees, she made the following devise : " After all my just debts and funeral charges shall be paid, and the expenses of a suitable inscription on my tombstone, I do hereby give and bequeath to the aforesaid Elizabeth Goffe, Lucy Bullard, [one of the demandants,] one third each, and to my grandchildren, Maria, Eliza, Philena and Hannah, the remaining third, to be divided equally between them, of all the residue of my furniture and estate, whatever and wherever it may be." So far as any description of the property of the testatrix is found in the will, it is confined to personal chattels ; and there are no introductory words indicating a disposition on her part to devise all her property.

The testatrix died in October 1833.

By the inventory of the " goods and estate " of Mary Waters, it appeared, that there remained not specifically disposed of, various articles of furniture and other personal prop erty.

The demandants entered upon the demanded premises soon after the decease of the testatrix. Mary Harriot, who was a cousin of the testatrix, died before the testatrix.

Samuel Sumner, who was the cousin and sole heir of the testatrix, died in 1835. On January 21, 1836, Alexander B. Sumner and others, children of Samuel Sumner, conveyed the demanded premises in fee to the tenant.

The first wife of Artemas Bullard, the demandant, and Elizabeth Goffe, the present wife of the tenant, were daughters of Ebenezer Waters.

The demandants were to become nonsuit, or the tenant to be defaulted, according as the opinion of the Court should be upon these facts.

*Barton*, for the demandants. The statute of uses has been adopted in this State ; 4 Dane's Abr. 256 ; and the use is executed immediately. We contend, that by virtue of the deeds in question, an estate of inheritance was vested in Mary Waters, and that her heirs did not take as purchasers. It can make no difference in regard to the remainder, if an intervening estate is carved out. But in the present case, as the wife

*Bullard v. Goffe*

*March 17th*

<div style="margin-left:auto">Bullard<br>v.<br>Goffe.</div>

survived the husband and Mary Harriot, no estate intervened *Shelley's case,* 1 Coke, 104 ; 1 Preston on Estates, 263, 419; 4 Kent's Comm. 201, 221, 224 ; Shep. Touchst. 444, note; 4 Cruise's Dig. *tit.* 32, *Deed, c.* 25, § 7 ; *Alpass* v. *Watkins,* 8 T. R. 516 ; 1 Fearne on Cont. Rem. 66 ; *Newhall* v. *Wheeler,* 7 Mass. R. 189 ; *Davis* v. *Hayden,* 9 Mass. R. 514 ; *Thacher* v. *Omans,* 3 Pick. 521 ; *Bowers* v. *Porter,* 4 Pick. 205.

It is not, however, necessary to resort to the rule in *Shelley's case,* to support the title of the demandants.

If then a remainder in fee was vested in the testatrix, it passed by the will to the devisees. *Crocker* v. *Crocker,* 11 Pick. 257 ; *Barrett* v. *Wright,* 13 Pick. 45 ; *Baldwin* v. *Carver,* Cowp. 312 ; *Hawley* v. *Northampton,* 8 Mass. R. 3 ; *Roe* v. *Harvey,* 5 Burr, 2638 ; *Fletcher* v. *Smiton,* 2 T. R. 656 ; *Barnes* v. *Patch,* 8 Ves. 604 ; 6 Cruise's Dig. *tit.* 38, *Devise, c.* 10, §§ 63 to 76, 107 ; *Brigham* v. *Shattuck,* 10 Pick. 306 ; 8 Petersd. Abr. 170 ; *Very* v. *Very,* 3 Pick. 374 ; *Jackson* v. *Delancy,* 11 Johns. R. 365 ; *Braybroke* v. *Inskip,* 8 Ves. 417 ; *Brown* v. *Wood,* 17 Mass. R. 68 ; *Hayden* v *Stoughton,* 5 Pick. 528. It is not necessary that it should have been in the mind of the testatrix, at the time when the will was executed. *Doe* v. *Weatherby,* 11 East, 322 ; *Ex parte Ilchester,* 7 Ves. 369 ; 8 Petersd. Abr. 156.

*B. Sumner* and *E. G. Austin,* for the tenant, cited to the point, that in determining, whether this was a trust or a use executed, the intent and situation of the parties was to be taken into consideration, *Norton* v. *Leonard,* 12 Pick. 156 ; and to the point, that if a fee simple in the real estate was vested in the testatrix, it did not pass by the residuary devise, *Hogan* v *Jackson,* Cowp. 299, 302 ; *Roe* v. *Yeud,* 5 Bos. & Pul. 214, 220 ; *Cliffe* v. *Gibbons,* 2 Ld. Raym. 1324 ; *Bailis* v. *Gale,* 2 Ves. sen. 51 ; *Camfield* v. *Gilbert,* 3 East. 516 ; *Timewell* v. *Perkins,* 2 Atk. 102 ; *Shaw* v. *Bull,* 12 Mod. 593 ; *Ridout* v. *Pain,* 3 Atk. 486 ; *Spirt* v. *Bence,* Cro. Car. 368 ; *Brown* v. *Dysinger,* 1 Rawle, 408, 415 ; *Doe* v *Langlands,* 14 East, 370 ; *Doe* v. *Rout,* 7 Taunt. 79 ; *Bebb* v. *Pencyre,* 11 East, 160 ; *Wilkinson* v. *Merryland,* Cro Car. 447, 449 ; *Doe* v. *Chapman,* 1 H. Bl. 223 ; *Doe* v

*Dring*, 2 Maule and Selw. 448 ; *Fletcher* v. *Smilon*, 2 Chit-
ty's Rep. 558 ; *Hopewell* v. *Ackland*, 1 Com. R. 164 ; *Smith*
v. *Coffin*, 2 H. Bl. 444 ; *Tilley* v. *Simpson*, 2 T. R. 659,
note ; *Goodwyn* v. *Goodwyn*, 1 Ves. sen. 228.

Bullard
*v.*
Goffe.

DEWEY J. delivered the opinion of the Court.   The first
question arising upon the facts stated in this case is, what
estate had Mary Waters in the demanded premises at the time
of making her will.   This depends upon the construction to
be given by the Court to two conveyances by Ebenezer Wa-
ters and Mary Waters to Joseph Goffe, one conveying a part
of the premises in controversy to certain uses, to wit, " to the
use of said Ebenezer Waters and Mary Waters for and during
the term of their natural lives, and the natural life of the sur-
vivor of them, and from and after their decease, to and for the
use of Mary Harriot for and during her natural life ; and from
and after her decease to the sole use of the heirs of the said
Mary Waters for ever ; " and the other, conveying the resi-
due of the demanded premises to Joseph Goffe, to hold " to
the use of the said Ebenezer and Mary during their joint lives
and the life of the survivor of them, and from and after their
decease, to and for the use of the heirs and assigns of the said
Mary Waters for ever."

By the operation of the statute of uses, 27 *Hen.* 8, *c.* 10,
the persons for whose use the estate was thus held by Goffe
became seised of the same, the possession being annexed to the
use.   Thus the conveyances became in effect the same as if
those for whose use the estate was held, were the grantees in
the deeds, with similar provisions as to the heirs at law of
Mary Waters, as are found in the present deeds.

The case then presents the further inquiry, whether under
such conveyances, by operation of law, the fee simple in the
premises vested in Mary Waters in case of her survivorship of
Ebenezer Waters (Mary Harriot having deceased) ; and this
depends upon the question, whether the word *heirs*, as used
in the conveyances, are words of limitation or words of pur-
chase.

Upon that point, the rule in *Shelley's case*, 1 Coke, 104,
seems to be decisive.   It is a well settled principle of the com-
mon law  that by a conveyance to A for life, and to his heirs

*June 18th*

in fee after his decease, the fee vests in A, and the heirs take by descent and not by purchase. This rule of the common law was applicable alike to devises and deeds. As regards the former, it was abolished in this Commonwealth by *St.* 1791, *c.* 60, and by the Revised Stat. *c.* 59, § 9, a similar change has taken place as to deeds ; so that in either form of passing an interest in real estate, under the existing laws, an estate granted to A for life, and upon his decease to his heirs in fee, would operate to vest a remainder in fee simple in the heirs of A.

The Revised Statutes do not, however, affect the present action, as the deed under which the demandants claim was executed long anterior to their enactment. Applying to the case before us the principles of the common law, we are of opinion, that at the time of the execution of the will of Mary Waters she had the fee simple in the demanded premises, and it was therefore competent for her to devise them.

The remaining question is, did she devise her real estate, as claimed by the demandants ?

It is the duty of those claiming as devisees, to show that the testatrix intended to devise this property by her will, and unless this intent is satisfactorily established, the heir at law is not to be disinherited. It is not claimed that in direct terms the demanded premises are devised or in any way mentioned in the will of Mary Waters. So far as any description of the property of Mary Waters is found in her will, it is wholly confined to personal chattels. There are no introductory words indicating a disposition on her part to devise all her property, and the only disposing words relied upon, are the following ; " I give and bequeath to Elizabeth Goffe, Lucy Bullard, one third each, and to my grandchildren Maria, Eliza, Philena and Hannah, the remaining third, of all the residue of my furniture and estate whatever and wherever it may be." Does the residuary clause embrace the real estate of Mary Waters ?

A devise of " all the rest and residue of my estate," is doubtless sufficient to pass real estate, unless restrained · by other words immediately connected with the devise, or so accompanied with things that are personal, as to show the testa-

tor meant to use the term as merely applicable to personal property. *Rex* v. *Harvey*, 5 Burr. 2638 ; *Doe* v. *Chapman*, 1 H. Bl. 223 ; Cruise's Digest, *tit. Devise*, *c.* 10, § 62, 68, 72. In *Hogan* v. *Jackson*, Cowp. 306, Lord *Mansfield* says a devise by one " of all his estate, will pass every thing a man has."

We are therefore of opinion, that under a naked devise of all the residue of the estate of the testatrix, uncontrolled by considerations drawn from other parts of the will, the interest of Mary Waters in her real estate might have passed to the devisees.

But it is claimed that, in the present case, the word *estate* is accompanied with a bequest of personal chattels, and when the testatrix bequeaths articles exclusively of this character, and then adds, " all the residue of my furniture and estate whatever and wherever it may be," she intends only other property and estate *ejusdem generis*. The principle here relied upon, has been frequently recognised in the construction of wills.

In *Bailis* v. *Gale*, 2 Vesey sen. 51, Lord Chancellor *Hardwicke* says, that as to a residuary clause, it has been held, that when estate has been mentioned generally, accompanied with personal things, it should be restrained to personal estate. In *Timewell* v. *Perkins*, 2 Atk. 102, there was a devise " of the rest, residue and remainder of my estate, consisting in ready money, plate, jewels, leases, judgments, or in any other thing whatsoever or wheresover, I give unto A. H." It was held that real estate did not pass under this devise. In Cruise's Dig. *tit. Devise*, *c.* 10, § 76, it is said, where the words " residue of my estate " appear from the context of the will to have been confined by the testator to personal property only, they will not be construed to extend to real estate. In *Cliffe* v. *Gibbons*, 2 Ld. Raym. 1324, it was said by Lord Chancellor *Cowper* that where a man devises all his estate, goods and chattels, and no mention has been before made in the will, of land of which the testator was seised in fee, a fee simple will not pass, but where real estate is mentioned before in the will and such words follow, a fee passes. In *Doe* v. *Rout*, 7 Taunt. 79, a bequest " of all my stock in trade, household goods, wearing apparel, ready money and every other thing my property of

what nature or kind soever," was held not to pass land, being controlled by indications which rendered the intent of the testatrix uncertain. The cases of *Markant v. Twisden*, 1 Eq. Cas. Abr. 211, *Camfield v. Gilbert*, 3 East, 516, and *Roe v. Yeud*, 5 Bos. & Pul. 214, are also authorities bearing upon this point.

In some of the cases above cited, much stress was laid upon the circumstance of there being no introductory words in the will, showing an intent to dispose of all the property of the testator, as well as upon the fact, that the will contained no preceding devise of land ; but a more controlling principle seems to have been, that if, from the whole will, it is doubtful whether the testator intended to devise his real estate, the title of the heir at law must prevail.

Upon recurrence to the will of Mary Waters, it will be quite apparent, that the general character of the will is, that indicating bequests of personal property. The form of the gift is, " I give and bequeath," terms more properly adapted to wills of personal estate, but not, however, at all decisive as to the interest intended to be devised. The legacies given previous to the residuary clause, are articles of furniture, money legacies and books. They are specified with much minuteness, and distributed among several legatees, and then follows the bequest " of all the residue of my furniture and estate, whatever and wherever it may be."

It appears by the inventory of the estate of Mary Waters, that there remained not specifically disposed of, articles of furniture and other personal property. Did the residuary clause in the mind of the testatrix apply to that estate, or did it embrace her lands ? Is not the word *estate*, as used in this will, so connected with personal property as to show that the testatrix intended merely to bequeath her personal estate ? We are of opinion, that the maxim, *noscitur a sociis*, is properly applicable to the residuary bequest contained in this will, and that the general character of the will as a bequest of personal property must control the word *estate*, which, in itself, may mean either real or personal estate. It seems to us, that the intention of the testatrix to devise her real estate, is not made so clearly apparent on the face of the will, as to author-

ze us to sustain the claim of the demandants as devisees of the same.

The demandants having, in the opinion of the Court, failed to establish their title to the demanded premises, must become *nonsuit.*